IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT EARL ROBINSON                                                        PETITIONER

v.                                      Civil No. 06-1001

LARRY NORRIS, Director,
Arkansas Department of Correction                                    RESPONDENT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the habeas corpus petition under 28 U.S.C. § 2254 filed by Robert Earl Robinson, presently a federal prisoner housed in the United States Medical Center, Springfield, Missouri (prisoner # 05731-010) against Larry Norris, Direction of the Arkansas Department of Correction (ADC). Norris has filed a motion to dismiss the petition as untimely filed.

In the instant petition, Robinson states he is challenging 1991 and 1993 Ashley County convictions, Nos. 91-82 and 92-233. At my request, the Ashley County Circuit Clerk telefaxed the docket sheets in these cases. (Att. "A"). The reports reflect that Roberts did not appeal his convictions or file post-convictions petitions under Rule 37 of the Arkansas Rules of Criminal Procedure. In 2004, he filed petitions for writ of habeas corpus in the circuit court which were dismissed. I have telephonically verified with the Arkansas Department of Correction that Robinson entered the ADC regarding the Ashley County convictions on August 1, 1991, and was released in 1999 (prisoner # 097076).

After the state court convictions, Robinson was convicted in this court of two counts of distribution of cocaine base. On March 8, 1999, he was sentenced by Judge Harry Barnes to 360 months on each count to run concurrent with each other but consecutive to any ADC sentence. *U.S.*

*v. Robinson*, No. 98-10005-01. Robinson was represented by appointed attorney Robert Depper, Jr., and took no appeal. The docket sheet shows that since his conviction Robinson has filed more than one motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Judge Barnes found the first motion barred by limitations. Subsequent motions were dismissed because Robinson had failed to obtain permission from the Eighth Circuit Court of Appeals to proceed in this court, as required.

Although Robinson states he is challenging the state convictions, grounds 1 - 3 attack the 1999 federal court sentence on the ground it was illegally enhanced based on prior state convictions that were invalid due to lack of legal representation and/or entrapment. Ground 4 alleges that Robinson was denied effective assistance of counsel regarding the state convictions. For relief, Robinson asks this court to vacate both the state and federal convictions.

Norris moves to dismiss Robinson's challenge to the state court convictions as barred by limitations. A one-year statute of limitations applies to habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"") of 1996. *See* 28 U.S.C. § 2244(d)(1). Under the AEDPA, a habeas corpus petition must be filed no later than one year from the latest of (1) the date the conviction became final by the conclusion of direct review or the expiration for seeking such review; (2) the date that an impediment to filing an application created by State action in violation of the Constitution or other federal law is removed, if the applicant was prevented from filing by such State action; (3) if a newly recognized right is involved which is made retroactive the Supreme Court, then the date on which the right was initially recognized; and (4) the date on which the factual basis of the claim(s) could have been discovered through the exercise of due diligence.

For inmates whose convictions became final before the enactment of AEDPA on April 24, 1006, the one-year period runs from the date of its enactment, giving them until April 24, 1997, to filed a timely habeas corpus petition. *Paige v. United States*, 171 F.3d 559 (8th Cir. 1999).

If a state post-conviction is "properly filed," then the time during which it is pending in the state court is not counted against the one-year period. 28 U.S.C. § 2244(d)(2). Also, equitable tolling is available where "extraordinary circumstances" beyond his control make it impossible to file a petition on time or where the action of the respondent lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001).

Robinson addresses the timeliness issue in his petition. He states that his plea agreement in the state cases, which did not become final until 2001, served to toll the limitations period. He also states that in 2004 he filed habeas corpus petitions in Ashley County Circuit Court challenging the state convictions. Robinson also cites language from § 2244(d)1) that the filing deadline can be extended when state action prevent an inmate from filing sooner or the factual basis of the claims are available but he provides no specifics.

I find that the one-year limitations period for Robinson to file a § 2254 petition began on April 24, 1996, when the AEDPA was enacted. Therefore, Robinson had until April 24, 1997, to file his petition in this court. The petition was signed on December 5, 2005, which we consider the effective filing date under the prison mailbox rule. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). This was many years after the limitations deadline expired. The other deadlines set out in § 2244(d)(1) are inapplicable. Robinson does not specify that State action prevented him from filing earlier. Also, the claims challenging the state court convictions -- ineffective assistance of

counsel and entrapment -- have been available to him. Moreover, Robinson does not invoke a newly recognized right made retroactive by the Supreme Court.

I further find no justification for tolling Robinson's filing deadline. The pendency of any plea agreement signed by Robinson would not serve to toll the limitation period. In addition, his 2004 state court petitions filed several years after the 1997 deadline were not "properly filed" and would have no tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. ___, 125 S.Ct. 1807, 1812 (2005) (postconviction petition untimely filed under state law is not "properly filed" for purposes of § 2244(d)(2)). Finally, Robinson has made no assertions that would entitle him to equitable tolling.

I conclude that Robinson's § 2254 claims attacking his state sentences should be dismissed with prejudice as untimely filed. As to challenges to the federal sentence which can be construed as § 2255 claims, these claims should be dismissed without prejudice in that Robinson has not obtained permission to proceed on the claims from the Eighth Circuit Court of Appeals.

CONCLUSION

Based on the above, I recommend that the § 2254 claims presented by Robinson be dismissed with prejudice as barred by limitations and that the § 2255 claims be dismissed without prejudice for failure of Robinson to obtain permission from the Eighth Circuit to proceed in this court.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 3rd day of February 2006.

                                                  /s/Beverly Stites Jones
_____HON. BEVERLY STITES JONES
                                                  UNITED STATES MAGISTRATE JUDGE