# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

ROBERT EARL ROBINSON                                             PETITIONER

v.                                 Civil No. 06-1001

LARRY NORRIS, Director,
Arkansas Department of Correction                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 3, 2006, I issued a report recommending that Robinson's claims under 28 U.S.C. § 2254 be dismissed with prejudice as barred by limitations and that his claims under 28 U.S.C. § 2255 be dismissed without prejudice for failure of Robinson to obtain permission from the Eighth Circuit to proceed in this court. (Doc. 6-1).

On February 16, 2005, Robinson filed objections and requested appointment of counsel, stating he had been denied his Sixth Amendment right to counsel. (Doc. 9). Earlier, on January 26, 2005, Robinson filed a motion for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. (Doc. 3). I did not address Robinson's request for counsel in my initial report and recommendation and do so now.

Robinson has no right to the appointment of counsel under the Sixth Amendment or the CJA. Rather, in state habeas corpus proceedings, "there is neither a constitutional nor statutory right" to counsel and the matter "is committed to the discretion of the trial court."[1] *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000)(quoting *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). In deciding whether to appoint counsel, the district court should consider "the factual and legal

---

[1] An exception involves state habeas cases in which prisoners are subject to capital sentence, not relevant here. *See* 28 U.S.C. § 2261.

complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *Id.*, 217 F.3d at 558-59.

Here, the facts of the case are not difficult to understand and the law is straightforward and not complex. Robinson has fully presented his side of the case. However, he is clearly not entitled to relief and I perceive no arguably meritorious claim that counsel could have raised. *Id.* 217 F.3d at 559. Accordingly, I recommend that Robinson's motion for appointment of counsel be denied.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 6th day of March 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE