**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**ROBERT EARL ROBINSON**                                **PLAINTIFF/PETITIONER**

VS.                           **Case No. 06-CV-1001**

**LARRY NORRIS, Director**
**Arkansas Department of Correction**                         **DEFENDANT/RESPONDENT**

## ORDER

      Before the Court is the Report and Recommendation of United States Magistrate Judge Beverly Stites Jones regarding Defendant/Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6) and the Report and Recommendation of United States Magistrate Judge Beverly Stites Jones regarding Plaintiff's January 26, 2006, and February 16, 2006, Motions to Appoint Counsel (Doc. 11). Plaintiff/Petitioner Robert Earl Robinson has timely filed his objections to the Report and Recommendation. (Doc. 12).

      Robinson was convicted in this Court of two counts of distribution of cocaine base. Robinson was represented by Attorney Robert Depper, Jr., and was sentenced on March 8, 1999, to 360 months' imprisonment on each count to run concurrent with each other but consecutive to any state court sentence. Previously, Robinson has plead guilty in 1991 and 1993 in Arkansas state court to possession of a controlled substance, and Robinson did not file any appeal of these convictions. Presently, Robinson has filed a petition for writ of habeas corpus, attacking his state-court and federal sentences. Robinson has also filed two motions for appointment of counsel. Defendant/Respondent has filed a motion to dismiss Robinson's Petition. (Doc. 5).

      Judge Jones recommends that Robinson's requests for appointment of counsel be denied. Judge Jones also recommends the finding that Robinson's pending 28 U.S.C. § 2254 petition is barred by the one-year limitations provision of 28 U.S.C. § 2244(d)(1) and to the extent he challenges his federal sentence pursuant to 28 U.S.C. § 2255 these claims should be dismissed without prejudice because Robinson has not obtained permission to proceed on these claims by

the Eighth Circuit Court of Appeals.

After reviewing the record de novo, the Court adopts the Report and Recommendations as its own. As to Robinson's request for appointment of counsel, the facts of this case and law involved is not difficult to understand or complex as to justify the appointment of counsel. Further, Robinson is not clearly entitled to relief and there is no arguably meritorious claim that counsel could have raised. Plaintiff/Petitioner's requests for counsel should be and hereby are **denied**.

Turning to the merits of the motion to dismiss, Robinson's § 2254 challenge to his state-court convictions is barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1). Robinson's state-court convictions became final before the effective date of § 2244(d)(1), so he had until April 24, 1997 (one year from the effective date of the statute) to timely file his habeas petition. Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999). The current petition was filed on December 5, 2005, and because Robinson has failed to show that the limitations date should run from another of the dates recognized by § 2244(d)(1) or other circumstances justifying the tolling of the limitations period, his § 2254 claims are untimely, and should be and hereby are **dismissed**.

To the extent that Robinson attacks his federal conviction pursuant to 28 U.S.C. § 2255, this statute provides that a second or subsequent motion for relief under § 2255 must be certified by the appropriate court of appeals, pursuant to the requirements of 28 U.S.C. § 2244. Robinson has previously filed a § 2255 motion to vacate, set aside or correct his sentence. Accordingly, this portion of Robinson's petition is hereby **dismissed without prejudice to refiling** if Robinson obtains the necessary order of the United States Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED** this 3rd day of April, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Judge